O'NEIL et al., Appellants, v. PRINTZ, Respondent.

**St. Louis Court of Appeals, November 14, 1905.**

1. **REAL ESTATE AGENT: Failure of Title.** Where an agent to sell real estate produced a purchaser ready and able to buy, and an agreement was entered into between the purchaser and the seller, but was afterwards rescinded by an agreement which recited that the rescission was on account of the title being found not perfect, the agent was entitled to his commission.

2. **NEW TRIAL: Surprise.** A motion for new trial was properly overruled where the ground presented by the motion was surprise in the testimony of the opposite party, and no reason was shown why the party who made the affidavit in support of the motion was not produced at the trial to contradict the statement which caused the surprise.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*John B. Denvir, Jr.,* for appellant.

Respondent knew that there was a minor heir at the time he took the agency for the sale of the property in question, and if he did not communicate that fact to the alleged purchaser he has no one to blame but himself. Folsom v. Lewis, 14 Misc. 605. Respondent did not secure a purchaser who was ready, able and willing to purchase appellant's property. Gerhardt v. Peck, 42 Mo. App. 651; Hayden v. Grillo, 26 Mo. App. 293. The title to the property in question was not defective.

*Louis A. Steber* for respondent.

STATEMENT.—Action on account for rents collected by the defendant Printz as agent of the plaintiffs. The

balance claimed after deducting certain credits conceded by plaintiffs is $202. The defendant filed an answer in which he admitted owing a balance of $10.90, and tendered it. The case originated before a justice of the peace and the pleadings were informal. The only item in dispute is a commission of $175 claimed by the defendant to be due him for selling a house and lot belonging to the plaintiffs. The defendant contends that, as the authorized agent of the plaintiffs, he found a purchaser for the house who was both willing and able to buy, but the sale fell through because plaintiffs were unable to convey a clear title. Plaintiffs contend that when defendant undertook to sell the property, he had notice of the state of the title and, therefore, was entitled to no commission if the sale failed because the title was imperfect. Further, that a perfect title could have been conveyed within a reasonable time after the date of the contract of sale between plaintiffs and the purchaser procured by the defendant; but that said purchaser was unwilling to consummate the contract and took advantage of a temporary delay in completing the title to evade consummating it. Printz's authority to act as agent for the plaintiffs was given by the following instrument:

"St. Louis, Mo., March 7, 1904.

"We, the undersigned owners of house 2616—16½—18 S. 11th street, St. Louis, Mo., hereby authorize our agent, Arthur G. Printz, to accept earnest money on sale of above property for the sum of $7,000. We agree to give a clear title to same, and pay said agent a commission of two and one-half per cent on said sale price. Terms, $5,000 cash, and balance of $2,000 to be paid at the rate of $300 per month until said $2,000 have been paid with five per cent interest. (Signed) Elizabeth O'Neil, Eva. G. O'Neil, Annie Gorman, Peter Gorman, Curator of Aiden J. Gorman, John J. O'Neil, Mrs. Robert P. Dunn, Peter R. Gorman."

It will be observed that one of the signatures to the above document is that of Peter R. Gorman, as curator of Aiden J. Gorman, a minor. Printz negotiated the sale of the property to Charles Winterer for $7,000, the title to be conveyed to said Winterer free of liens and incumbrances except taxes for the year 1904. A written contract of sale was entered into between plaintiffs and Winterer on March 8, 1904. It provided that if the title proved defective on examination, and could not be made good within a reasonable time, the sale should be declared off and the earnest money ($50) returned to the purchaser; but that if the title was good and the parties of the first part kept their part of the contract and the party of the second part failed to comply with its requirements within fifteen days of its date, the earnest money should be forfeited to the parties of the first part, but the purchaser would not thereby be released. When examined the title was found to be vested in the plaintiffs subject to certain life-interests which were released. The minor, Aiden J. Gorman, held an interest which the probate court of St. Louis had ordered sold by the minor's curator at either private or public sale. It turned out that this sale could not be completed until the June term of the probate court, because the necessary court order approving the sale could not be obtained until then. Winterer refused to wait that long for his title. It appears that his son was dissatisfied with the purchase and advised him against it. The son admitted on the witness stand that he was glad the defect in the title came up, because it frustrated the sale. The buyer swore positively that he was willing to take the property provided he could acquire the title within a reasonable time; but that, as he was old, he did not want the matter in abeyance for three or four months, as something might happen to him meanwhile and his estate become entangled by the pending purchase. With the affair in this condition, the contract of sale was rescinded by the mutual consent of the plaintiffs and

Winterer, as appears by a written instrument, dated March 13, 1904, and signed by all the plaintiffs, directing the defendant to return the fifty dollars earnest money to Winterer *and reciting that it was returned on account of the title to the property being found not perfect.* Printz repaid the money to Winterer and the latter acknowledged the receipt of it and released all claims he held because of the contract of sale.

The circuit court allowed Printz's claim for commission and plaintiffs appealed.

GOODE, J. (after stating the facts).—The burden of the argument addressed to us on this appeal, when properly considered, relates to the weight of the evidence on the several issues of fact. There can be no doubt that the evidence tended to prove Printz found a buyer of the property who was willing and able to buy. There was positive testimony to that effect. The fact that Winterer's son stated that he was opposed to the purchase and glad an opportunity arose to get out of it, had slight, if any tendency to show that Winterer did not recede from the purchase because he would have to wait several months to get a title, but seized on that circumstance as an excuse for evading the contract. Winterer himself said he had no such motive, and beyond doubt the finding of the court on this issue cannot be disturbed.

It is insisted by plaintiff's counsel that the title to the lot was perfect. A perfect title could not have been passed at the time the contract was made with Winterer; that is, in March. Likely it could have been during the summer. However, that hardly would have been within a reasonable time, as the agreement bound Winterer to performance within fifteen days from its date. But waiving this point, we have the fact before us that the plaintiff's themselves, by their written instrument, consented to declare the sale off and returned the earnest money to the buyer because the title was imperfect. In

view of this disposition of the affair there can be no defense to Printz's claim for a commission, unless he relinquished his claim or was estopped to assert it because he knew the state of the title in advance. No proof was adduced that he relinquished his claim for a commission. On the contrary, he swore he notified the plaintiffs when they ordered the earnest money returned that he was entitled to his commission and they raised no objection to paying it. It is said he was notified of the minor's interest by the fact that the written authority given him to sell was signed by Peter Gorman as curator of the minor. As to this matter, there was a direct conflict in the evidence. Printz swore the writing was not at first signed by Peter Gorman as curator, and that he (Printz) had no knowledge that the minor had an interest in the property until after the examiner had passed on the title and given a report stating the fact, when he had the signature of Peter Gorman changed so it should show he had signed as curator. Peter Gorman himself swore to the contrary. With the testimony in this state, a question of fact was presented for the court's decision.

Plaintiff's counsel contends he was surprised by the testimony of Printz that he (Printz) had no knowledge of the minor's interest until after the examiner's report. This surprise is alleged as ground for a new trial, and the motion is supported by an affidavit of John J. O'Neil that he had told Printz of the minor's interest two or three months before Printz was made agent. This was no ground for a new trial; at least without there was good cause for not putting O'Neil on the stand to contradict Printz, and no cause was shown.

The judgment is affirmed. All concur.