H. H. PEAVY and Others v. RICHARD H. GREER and Another.[1]

June 18, 1909.

Nos. 16,166—(99).

**Broker's Commission.**

　　The evidence sustains respondents' claim that appellants represented they had a tract of Canadian land for sale, and offered to pay respondents fifty cents per acre commission for procuring purchasers therefor; that respondents procured the purchasers, but that appellants did not own or control any land as represented; and that respondents' right of action to recover for such services was not abandoned by receiving back the money advanced by the purchasers.

**Verdict Excessive.**

　　The verdict of $1,680 was excessive, and is reduced to $1,200.

Action in the district court for Renville county to recover $1,881 damages for breach of contract. The substance of the answer is stated in the second paragraph of the opinion. The case was tried before Powers, J., and a jury which rendered a verdict in favor of plaintiffs for $1,680. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Remanded with instructions to enter judgment for plaintiffs for $1,200.

*A. V. Rieke* and *H. L. Hayden,* for appellants.

*C. T. Howard* and *Daly & Barnard,* for respondents.

LEWIS, J.

Respondents claimed to have entered into a verbal agreement with appellants in March, 1906, whereby they were either themselves

---

[1]Reported in 121 N. W. 875.

to purchase, or procure purchasers for, five thousand acres of Canadian lands, to be thereafter selected by the purchasers on or before June 1, 1906, and that they were to advance fifty cents per acre on the purchase price of the lands subscribed for. Respondents claim they procured purchasers for thirty-three hundred sixty acres, and advanced the stipulated fifty cents, except as expressly waived by appellants, and that appellants broke the agreement by not furnishing lands from which selection could be made. This action was brought to recover the reasonable value of their services in procuring purchasers.

Appellants answered, and denied that respondents were employed on a commission basis, but alleged that both parties entered into a joint venture to purchase ten thousand acres of Canadian lands at a certain price, of which amount respondents agreed to purchase, or procure purchasers for, five thousand acres; that the lands were owned by the Canadian Northern Railway Company through government grant, and controlled by the Saskatchewan Valley Land Company, and had not been set apart by the Canadian government to the railway company, which facts respondents well knew. Appellants also denied that respondents had performed their part of the agreement, and did not subscribe for, nor procure purchasers for, the full five thousand acres, and did not advance the fifty cents an acre on the purchase price, as agreed. It was also contended by appellants that, whatever the agreement may have been, it was subsequently canceled and annulled by mutual consent, and, further, that respondents did not give appellants a reasonable opportunity to show them the lands.

At the close of the evidence, motion was made that the court instruct the jury to bring in a verdict for appellants on the ground that the complaint did not state a cause of action, and upon the further ground that, if the complaint did state a cause of action, respondents were not entitled to recover, because there was no evidence of any fraud, and because it appeared from the evidence that, whatever may have been the contract, it was abandoned by mutual consent. Appellants made no other requests for instructions, and took no exception to the charge. The court submitted

the case to the jury upon the theory that the contract, if any was entered into, was the one contended for by respondents. Appellants' contention in this court that the contract amounted to a joint venture was not presented to the jury, and, so far as we have discovered, was not insisted upon during the trial. Respondents recovered a verdict of $1,680.

Although the complaint abounds with allegations to the effect that appellants fraudulently represented that they had the control of and were entitled to sell the lands, when in fact they had not procured such lands, and with various other allegations of fraud, the case was not tried upon the theory of fraud, but upon the theory that appellants had violated a contract which they had deliberately entered into, and the damages sought to be recovered were for the reasonable value of services performed under that contract.

The evidence was sufficient to justify the jury in finding that appellants represented that they had the agency of a large tract of Canadian land, which could be purchased at a reasonable price in ten thousand-acre tracts, and, if respondents would procure purchasers for five thousand acres at $7.75 per acre, appellants would pay them fifty cents an acre for their services. The evidence sufficiently showed that respondents accepted this proposition and procured purchasers for thirty-three hundred sixty acres of land, and secured from the purchasers the fifty cents per acre as an advance payment, which was paid over to appellants, with the exception of certain cases where the advance was waived; that respondents were notified by appellants that the lands were ready for selection, and the date was fixed for respondents and their purchasers to go to Canada to make their selections; that in response to such notification they went to Winnipeg with the expectation of meeting one of appellants, or a representative, to show the lands for the purpose of making their selections; that upon arriving in Winnipeg they found no one there to show them the lands, and, on the contrary, upon inquiry at the land company's office, they were informed that appellants did not have any lands for sale, and after unsuccessfully endeavoring to get into communication with appellants the respondents returned home, abandoned the enterprise, and requested a return of the money advanced, and the money was returned.

We find the evidence sufficient to sustain respondents' position upon every point in the case, with the exception of damages, which will be referred to hereafter. It is true that respondents were informed that the title of the lands originated in the Canadian government; but it does not appear that the contract was made subject to the grant of the lands to the railway company, or that the date fixed for making the selection by respondents was dependent upon appellants' ability to procure the lands through the railway company and the land company. Appellants may have been deceived as to their right to offer the lands for sale; but they dealt with respondents on the basis that they had the lands for selection. After respondents had made the trip to Winnipeg, and returned home, and had demanded and received back the money advanced, appellants informed them that they then had twenty thousand acres of land subject to selection. But this tract had been released by other option purchasers and was not a part of the lands which they claimed to have for sale when the contract was executed.

There is no evidence to sustain the contention that the entire contract and proposition was abandoned by both parties by mutual consent. The only thing respondents did was to demand a return of the money advanced when they found that appellants did not own or control any lands from which selections could be made as agreed, and in so doing they did not waive any rights which had accrued under the contract.

Upon the question of damages we are of opinion that the verdict was excessive, but not to the extent to indicate prejudice on the part of the jury. Under the instructions of the court the jury were permitted to return a verdict for the full amount of fifty cents per acre for the entire number of acres which respondent had sold. This would have been the full commission, had the contract been completed and the deal closed. But it was by no means certain that all of the subscribers would have made selections and purchased the lands subscribed for, even if they had been available for selection at the time agreed upon. There was a possibility that a considerable portion of the lands might not be placed, and respondents assumed the chance of such a contingency. Under these circumstances we

are of opinion that $1,200 would be ample compensation for respondents' services.

Remanded with directions to enter judgment for respondents for $1,200.