Argued October 10; affirmed December 2, 1930; rehearing denied
January 13, 1931

## RICHANBACH *v.* RUBY
(293 P. 430, 294 P. 1098)

*Thomas G. Greene* and *John Manning,* both of Portland (Manning & Harvey, of Portland, on the brief), for appellant.

*Roscoe C. Nelson* and *Leon W. Behrman,* both of Portland (Dey, Hampson & Nelson, of Portland, on the brief), for respondent.

KELLY, J. The appellant insists that the lower court erred in giving that part of the instruction which states, in effect, that plaintiff does not contend that the letter in question constituted his employment, but claims that the contract was verbal, which claim defendant denies. The giving of this instruction did not constitute error. It was applicable to the testimony given by the plaintiff and the defendant. It is the duty of the presiding judge to instruct the jury with respect to the theories of the parties defined by the pleadings and supported by substantial evidence: *Schrunk v. Hawkins,* 133 Or. 160 (289 P. 1073).

The case being based upon a cause of action in quantum meruit, it is claimed by defendant and appellant that the court committed error in admitting evidence of an express agreement to pay a definite commission. This is not tenable. No error was committed by the court in that regard: *Sinnock v. Zimmerman,* 132 Or. 137 (284 P. 838); *Inland Construction Co. v. City of Pendleton,* 116 Or. 668 (242 P. 842).

The failure of the court to give the requested instruction of defendant, referring to the alleged legal effect of the return of the $1,000 earnest money deposited by Mr. Richanbach, is also urged as ground for reversal.

In the absence of a provision in the contract with the broker constituting the earnest money, or part of it, a fund from which the broker's commission is to be paid, the return of earnest money in itself does not relieve a party of his liability to a broker for commis-

sions upon a sale which was not consummated because of the default of such party: *Peavy v. Greer,* 108 Minn. 212 (121 N. W. 875) ; *Phelps v. Prusch,* 83 Cal. 626 (23 P. 1111) ; *O'Neil v. Printz,* 115 Mo. App. 215, 219 (91 S. W. 174).

The requested instruction fails to take account of the effect of the alleged default of the defendant. If defendant were unable to perform his part of the contract, before a finding that Taylor had abandoned such contract and that plaintiff had consented thereto would be justified, because of the acceptance of the return of the earnest money by Taylor, it would be necessary for the testimony to disclose that it was not on account of defendant's inability to perform that such earnest money was returned and accepted. It is true that, even though the consummation of the sale negotiated by the plaintiff was prevented by reason of defendant's default, nevertheless, plaintiff could have waived his right to commission. To warrant a finding that plaintiff waived his right to commissions, however, it would be necessary for the testimony to disclose an intention on the part of plaintiff to forego his claim to commissions; and representations or conduct, or both, manifesting that intention to defendant. The requested instruction omits reference to the possible effect of the alleged default on defendant's part, which it is claimed by plaintiff prevented the consummation of the sale, and also fails to state the law of waiver just outlined.

Finding no error, the case is affirmed.

ROSSMAN, J., did not participate.

COSHOW, C. J., RAND and BELT, JJ., concur.

Petition for rehearing denied January 13, 1931

ON PETITION FOR REHEARING
(294 P. 1098)

■ KELLY, J.  By means of a petition for a rehearing defendant again urges that the requested instruction, which was refused, should have been given.  In effect, this requested instruction declares that a request by plaintiff for the return of the earnest money, deposited by Taylor with the defendant, and the return by defendant thereof to plaintiff, as agent of Taylor, because of the belief, on defendant's part, that the demand for the earnest money was made by plaintiff as the agent of Taylor, would justify a verdict for the defendant.

The instruction does not include the element of belief on defendant's part, that, by requesting the return of the deposit and accepting it for Taylor, plaintiff was thereby waiving his right to commission, nor the element of action prejudicial to defendant in reliance upon such belief.  Neither does it include the element of belief on defendant's part, that the abandonment, if any, by Taylor, was with the advice and consent of the plaintiff, nor that defendant acted to his prejudice in reliance upon such belief.

In the case of *Smith v. Martin,* 94 Or. 132 (185 P. 236), cited by appellant, plaintiff sought to enforce a provision in a written contract to the effect that such contract should not be assigned without plaintiff's consent in writing.  Defendant pleaded a verbal consent by plaintiff to such assignment, defendant's reliance upon such consent and consequent payment of installments and performance by defendant of all the other terms of the contract.  Obviously, it is inconsistent for one to agree verbally to an assignment and

thereafter assert that such assignment is invalid, because not in writing, and in the case cited this defense was properly upheld; but, it does not necessarily follow that there is inconsistency on the part of a broker, in acting as an agent for one party to a contract of exchange, to request a return of earnest money from the other, and thereafter to assert a claim for broker's commissions against the party returning such earnest money. Whether there is or is not such inconsistency, depends upon other considerations than the mere request for the earnest money, or the belief on the part of one returning it that the one making the request is acting as agent for the other party to the contract.

If the court had given this instruction, it would have told the jury how the jury were to pass upon the effect of the evidence if it merely disclosed a request for the deposit, its acceptance by plaintiff for Taylor, and a belief, on defendant's part, that plaintiff was acting for Taylor in that respect; namely, that the effect of such evidence was to disclose action, on defendant's part, prejudicial to him in reliance, either upon a belief that there had been an abandonment by and with plaintiff's advice and consent, or, upon a belief that plaintiff thereby waived his right to commission. Neither of these conclusions would have necessarily been justified, as a matter of fact, for the reason that each disregards the phase of the record tending to support a finding that the alleged prejudicial action, on defendant's part, namely, the return of the earnest money, was taken because defendant himself was unable to comply with his part of the contract of exchange, and had defaulted therein. Reliance by defendant upon the belief that plaintiff in requesting such return was acting for and on behalf of Mr. Taylor is not at all inconsistent with the conclusion that,

because of defendant's inability to comply with his part of the contract of exchange, defendant returned the earnest money upon demand to the one whom he so believed to be the agent of Taylor.

If, in the requested instruction, there had been incorporated the elements either of belief on defendant's part, that abandonment of negotiations by Taylor had occurred by and with the advice and consent of plaintiff, or belief, on defendant's part, that plaintiff waived his right to commission, and reliance upon such belief resulting in action by defendant to his prejudice uninfluenced by his own default, if any, the requested instruction would not have been subject to the criticism urged. The manner of proof, whether by direct, indirect, verbal, or written testimony, is not involved in the construction of the requested instruction.

In thus analyzing the requested instruction, we have not referred to defendant's plea of estoppel. This appears in paragraph VII of his answer. It reads thus:

"That the defendant was induced to return to the plaintiff the said one thousand ($1,000) dollars theretofore given him by plaintiff as earnest money wholly by the representations of plaintiff that his said client was unable to furnish the defendant the ten thousand ($10,000) dollars cash deposit as required in and under the terms of said proposed lease contract, and the plaintiff is and ought to be estopped from claiming any benefits under or because of said proposed contract or from claiming damages, if any, by him suffered at any time or at all, because of the failure of defendant and plaintiff's said client, Morris Taylor, to consummate a binding contract for the lease or sale of defendant's said before described premises."

It will be noted that the requested instruction omits reference to the representation alleged in the answer

as the inducement for the return of the earnest money; and substitutes an alleged representation not pleaded as ground of estoppel. Moreover, the representation thus substituted, if so pleaded, would have been insufficient. The requested instruction was properly refused.

Petition for rehearing denied.

ROSSMAN, J., did not participate in this opinion.