Argued March 3; affirmed March 30, 1948

# MACKIE *v.* McGRAW

191 P. (2d) 403

*Duane Vergeer,* of Portland, argued the cause for appellant. On the brief were Vergeer & Samuels, of Portland, and Stuart W. Hill, of Portland.

*Gordon Sloan,* of Astoria, argued the cause for respondent. With him on the brief was Robert C. Anderson, of Astoria.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY and BRAND, Justices.

BRAND, J.

The complaint alleges that the port of Astoria owns and maintains a wharf and roadway extending from the southerly shore of the Columbia river in a north-westerly direction into the Columbia river and at about right angles to the bulkhead line, a distance of 275 feet; that said roadway is generally used by fishermen and other persons having vessels moored adjacent thereto and by the public generally; that the roadway

is approximately 21 feet wide; that there is no sidewalk on either side of the roadway, and that the entire roadway is generally used for both pedestrian and vehicular traffic. Plaintiff alleges that he was walking along the westerly side of the roadway in a northwesterly direction toward a walkway extending from the roadway to the place where his fishing vessel was moored; that in so proceeding, he was required to walk around an automobile which was parked against the railing upon the west side of the wharf; that he had completely passed said automobile and was in the process of turning again to the rail when he was struck by the automobile operated by the defendant. It is alleged that the defendant was negligent:

"1. In failing to drive said automobile upon his right half of such roadway.

"2. In failing to observe the plaintiff.

"3. In failing to keep and maintain a proper lookout for the vehicular and pedestrian traffic upon such roadway and particularly this plaintiff.

"4. In failing to give any signal, audible or otherwise, to the plaintiff warning him of the approach of the defendant's automobile.

"5. In failing to keep said automobile under proper control.

"6. In failing to yield the right of way to this plaintiff."

The answer of the defendant denies the allegations of negligence. It alleges that the roadway was used by and intended for the use of the general public for vehicles and pedestrians. As an affirmative defense, the defendant alleges that he was operating his automobile in a northerly direction at a speed of 10 or 15 miles per hour on the right-hand, or east half of the roadway, and that the plaintiff was walking in a north-

erly direction on the west half thereof; that immediately upon observing the plaintiff, the defendant sounded his horn and proceeded along the easterly half, but that the plaintiff at a point approximately 150 feet north of the southerly end of the roadway, without looking to see if there was any traffic approaching from the south, negligently changed his course to an easterly direction, intending to cross said roadway, and walked over onto the east side of the roadway and in front of and against the defendant's automobile. The defendant alleges that he did everything within his power to avoid the collision and that the plaintiff's injuries were due to his own negligence. As a second affirmative defense, defendant alleges that the plaintiff, by reason of deafness, ordinarily employed an electrical hearing device, all of which was unknown to the defendant, and that at the time of the collision the plaintiff had negligently failed to use said device. Then follow allegations similar to those contained in the first affirmative defense. It is further alleged that the injuries received by the plaintiff were solely due to his own negligence in proceeding without the use of his electrical hearing device, in suddenly and without warning walking across on the right or easterly half of the roadway, in failing to yield the right-of-way to the defendant and in leaving a place of safety for one of danger. Defendant alleges that if the plaintiff had used his hearing device he would have heard the horn on defendant's automobile and would have avoided the collision. The reply is a general denial of the affirmative allegations of the answer.

■ As part of his first assignment of error, the defendant contends that the trial court erred in not reading to the jury all of the allegations in the de-

fendant's answer relative to contributory negligence. This contention is disposed of by the ruling in *Natwick v. Moyer*, 177 Or. 486, 163 P. (2d) 936, as follows:

"* * * we think it well to call attention to the duty of the court in its charge to advise the jury of the questions under the pleadings which they are to try—the allegations admitted and those denied; and in a case of this kind, the particular grounds of negligence on which the respective parties rely as grounds of recovery or defense. See, Richanbach v. Ruby, 135 Or. 117, 120, 293 P. 430, 294 P. 1098; Southern Oregon Co. v. Knight, 112 Or. 66, 77, 228 P. 132, 228 P. 832. This is not to say that the pleadings should be read to the jury by the court. We think as a rule they should not be, for too often the language of a lawyer in a legal document is confusing to the layman, while a simple statement by the judge in ordinary language will be more apt to serve the purpose of making clear to the jury the precise questions which must be decided as the basis of their verdict."

The defendant contends that the court failed to submit to the jury and completely disregarded the following specific allegations of contributory negligence in the defendant's answer:

1. That the plaintiff without looking to see if there was any traffic approaching from the south, changed his course to an easterly direction and walked onto the east side of the pier.

2. That the plaintiff failed to yield the right-of-way to the defendant.

3. That the plaintiff left a place of safety for one of danger.

4. That the plaintiff failed to wear his electrical hearing aid.

In the course of instructing the jury, the follow-

ing colloquy occurred between court and counsel for the defendant:

"COURT: * * * in stating the issues as outlined in the pleadings, I enumerated the acts of negligence the plaintiff is accusing the defendant of but I don't think I enumerated or stated just what acts of negligence the answer of the defendant accused the plaintiff of, which he claims was a contributing or a cause of the collision. That act of negligence as I glean from a rather lengthy statement, is that the plaintiff suddenly turned and walked in front—walked across the highway—started to cross the highway and walked in front of the defendant's car without giving any warning of it and so close to the defendant's car that he could not avoid the accident. Am I right, Mr. Samuels, in my analysis of that. It is so lengthy I am wondering if I stated it or not or are there other acts of negligence you are claiming?

"MR. SAMUELS: I certainly think there are, Your Honor. We are claiming in the first place an improper look out on his part, and in failing to yield the right-of-way to the automobile; leaving a place of safety for one of danger. I think I mentioned failing to have a lookout for the car, and in turning across and walking across the highway suddenly without warning and without using a hearing aid.

"COURT: I think those all sum up to what I have said in a different method of saying it. In other words, the act of negligence was in walking across suddenly in the manner which I stated in the first place so that I don't believe I will change my instruction in that particular."

■■ The procedure followed by the court in inviting a conversation with counsel in the midst of the instructions is not to be commended. The instruction above quoted did not in itself alone adequately present the contentions of the defendants on the issues of con-

tributory negligence. However, the court did submit those issues to the jury in subsequent portions of its instructions. All of the assignments of error in this case relate to the giving or withholding of instructions. The rule that the instructions should be considered as whole and not in isolation is peculiarly applicable in this case. For that purpose, and also to show the manner in which the issues of contributory negligence were presented by the court, we find it proper to quote at length from the instructions which bear upon the first assignment of error and upon the issue of contributory negligence. The court directed the jury to take with them to the jury room the complaint and answer. We now quote the following portions of instructions on the issue of contributory negligence: (For convenient reference we have numbered the portions of the instruction quoted.)

1. " * * * The defendant has then filed an affirmative defense in which he claims that the accident in question, the collision in question, was caused by the sole negligence of the plaintiff and also alleges it was caused by the negligence of the plaintiff contributing thereto. * * * and if you find that the allegations of the defendant as to such negligence on the part of the plaintiff were true, and the negligence of the plaintiff was the sole cause of the accident or was a contributing proximate cause of the accident, in either of those events, then you would have to find your verdict for the defendant * * *."

" * * *

2. " * * * You are instructed that if the plaintiff was guilty of negligence in any degree as charged in any one of the particulars alleged in the defendant's answer, and that such negligence proximately caused or contributed to the happening of the accident, then your verdict should be for the defendant. That is, if you find that both of the

parties were guilty of negligence as alleged in the complaint and the answer, and that the negligence of both of them contributed as proximate causes thereto, then your verdict would have to be for the defendant * * *.''

'' * * *

3. ''Now under the laws of this state, it is the duty of a pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk, to yield the right-of-way to vehicles then upon and lawfully using the roadway, and if you find under the evidence in this case that the plaintiff was crossing the roadway as a pedestrian and that the defendant's car was lawfully using the roadway, then I instruct you that the plaintiff was not crossing the roadway within any such crosswalk and it was the duty of the plaintiff to yield the right-of-way to the defendant's vehicle.

'' * * *·

4. ''Now it is an admitted fact in this case that the plaintiff is hard of hearing and that in order to assist his hearing, he customarily uses an electrical hearing aid which he was not wearing. It is not admitted he was not wearing it at that time. It is asserted by defendant he was not and claimed by plaintiff that he was. If you find that the plaintiff's hearing was impaired and that he was moving into a field of danger from one of safety, then I instruct you it would be his duty of course to be more vigilant in the use of his eyes so as to protect his own safety, and if you find that an ordinarily careful and prudent person under the same circumstances would have used a higher degree of care and would have maintained a more vigilant lookout for the automobile of the defendant than that maintained by the plaintiff, and that his failure to do so, if such failure existed on the part of the plaintiff, proximately contributed to the accident, then that would be negligence on the part of plaintiff and you should find your verdict for the defendant.

5. ''If you find that the plaintiff was walking

across the highway as the defendant claims he was trying to cross the highway but which the plaintiff himself denies, and that he was not operating a hearing device at such a time, and if you further find that an ordinarily prudent person under these or similar circumstances would have used such a hearing device, and that this failure to use such a device, if any failure existed, proximately contributed to the happening of the accident, then your verdict would have to be for the defendant.''

'' * * *

6. '' * * * I will give you this instruction so far as it applies to the situation if the plaintiff were on the left hand side as he claims to be. In that situation, I instruct you the law imposes no specific obligation upon a pedestrian walking upon the left side of a roadway to look to his rear or to keep a constant lookout to his rear. He must simply use that degree of care as would be used by an ordinarily prudent person under such or similar circumstances. But of course, if he were crossing over on to the other side of the road, that would be a different situation, and I instruct you that in that situation, it is the duty of all persons to maintain a reasonable lookout for their own safety and such a lookout as would be maintained by a reasonably prudent person under the circumstances. And in this regard, if he was crossing on to his right hand side of the road where oncoming traffic from his rear might be approaching, it was then his duty to look to the rear and see whether there was any such car approaching in such close proximity as to cause a hazard.

7. ''Now in this regard, it was testified by the plaintiff that before walking around the parked car, he did look to his rear and did see the defendant's vehicle—did not see, I mean, the defendant's vehicle approach at that time. You are instructed that if the defendant's car was in view at the time and could and should have been seen by a reasonably prudent person under such circumstance, and that

the plaintiff through his carelessness, failed to observe it, such an act on his part would be an act of negligence as it is negligence to look and not to see something which an ordinarily prudent, careful person would have seen. If you find that such a failure, if any, on the part of the plaintiff existed and that he did proceed on to his right hand half of the roadway in front of a car which was properly on that side of the road, under those circumstances that would be contributory negligence upon his part.

8. "If you find that the plaintiff, prior to changing his course in walking along such roadway, looked in both directions and there was no vehicle in sight that a person of reasonable prudence would have been held responsible to see, then it would not be incumbent upon him as a matter of fact to look a second or other time. Instead of keeping on looking to the rear, he would have the right to proceed with his path he was following, excepting [expecting] any one appearing on the scene after that would recognize his presence there."

It must be observed that defendant's first assignment of error raises no issue as to the detailed accuracy of the instructions on contributory negligence but rather confines itself to the claim that the issues presented by the answer were not submitted to the jury. We think the foregoing instructions show that the issues of fact raised by the answer were submitted to the jury for determination. This first assignment discloses no reversible error.

■ As his second assignment, the defendant asserts that the court erred in instructing the jury as follows:

"Members of the Jury, you most of you—you all of you I think have had experience in the trial of enough actions now so that I can perhaps eliminate some of the stock explanations of your duties as jurors. I will therefore endeavor to simply and as briefly as possible outline the issues that are

involved in this trial. That is the issues which are framed in the complaint and answer that the parties filed before the trial began so that you can know just what questions you have to decide.''

The defendant apparently assumes that by the foregoing statement the court advised the jury that it would eliminate the statutory instructions. Such is not the case. Reference to the supplemental brief of appellant shows that no exception was taken to any failure to give the statutory instructions, and as a matter of fact, we find that most, if not all of the statutory instructions were given. The jury was told that they were the judges of the facts and that they were the ''sole and exclusive judges of the truthfulness of every witness and of the weight and importance to be accorded to every bit of testimony.'' Other instructions covered generally the other statutory requirements. The second assignment of error is without merit.

■ As a third assignment, the defendant contends that the court erred in giving the instruction which we have designated supra as No. 8. He argues that by giving the instruction, the court in effect, told the jury as a matter of law that ''the fact that the man looked to the rear once would satisfy the requirements of the law'', thereby invading the province of the jury. It may be that the instruction would have been clarified by inserting the word ''immediately'' in the first sentence thereof so that the instruction would read ''if you find that the plaintiff immediately prior to changing his course * * * looked in both directions * * * .'' But, in view of the other quoted instructions, we think the jury must have understood that for a single backward look to be sufficient there must be no such interval of time between the look and the

change of course as might reasonably be expected to result in a change of conditions observed. It is clear that if an unreasonable time elapsed between the backward look and the change of course, a second look would be reasonably required, and this is indicated in instruction No. 6, supra. No reversible error was committed.

■ Fourthly, it is contended that the court erred in giving the following instruction:

"Further, I instruct you that in undertaking to pass a pedestrian on a roadway, who is going in the same direction, the driver of an automobile must exercise that degree of care which would be exercised by a ordinarily reasonably prudent person under similar circumstances, and if he had ample space to pass the pedestrian, he must keep out of the pedestrian's way and not drive so close that any slight deviation by the pedestrian would cause an accident,  *   *   *''.

No error was committed.

The fifth assignment of error sets forth only part of an instruction. If the entire instruction is read it becomes clear that no reversible error was committed.

■ Finally, the defendant takes exception to the following instruction:

"I also instruct you that the driver of an automobile as defendant was in this case, has no right to assume that the roadway in question was clear and would be kept clear at all times as he drove along, but under all circumstances, he must be vigilant to anticipate the presence of other persons or to anticipate possible changes in their movements if he sees them. In this instance, he must particularly anticipate the presence of this plaintiff as a pedestrian thereon because he asserts that he saw him and he must keep his automobile under

such control as would enable him to avoid colliding with the plaintiff so far as a reasonably prudent person could be expected to do under all of those circumstances.''

In view of the record in this case, we think the foregoing instruction was properly given. *Rush v. Lagomarsino,* 196 Cal. 308, 237 P. 1066; *White v. Davis,* 103 Cal. A., 531, 284 P. 1086.

The judgment is affirmed.