Argued May 18; affirmed June 21; petition for rehearing
denied July 6, 1949

## SEVERY *v.* MYRMO

207 P. 2d 151

*Windsor Calkins,* of Eugene, argued the cause for appellant. On the brief were Calkins & Calkins, of Eugene.

*Frank B. Reid,* of Eugene, argued the cause for respondent. On the brief were Reid & Bartle, and Sidney E. Thwing, all of Eugene.

Before Lusk, Chief Justice, and Brand, Bailey and Hay, Justices.

HAY, J.

This is an action for damages for personal injuries sustained by plaintiff as a result of an automobile collision. The collision took place at about two o'clock in the afternoon of January 24, 1946, at the intersection of Josephine and Seward Streets in Florence, Oregon. Josephine Street runs approximately east and west, and Seward Street approximately north and south. The plaintiff was driving his automobile east on Josephine Street, approaching the intersection from the west, and intending to make a left turn into Seward Street. Defendant, at about the same time, was driving west on Josephine Street, approaching the intersection from the east, and intending to pass through the intersection. As plaintiff was in the act of turning, the two cars collided at a point within the intersection which was a few feet north of the center thereof.

Plaintiff's complaint charged the defendant with negligent operation of his automobile in the following particulars: (1) excessive speed; (2) failing to keep proper control; (3) failing to keep a proper lookout; (4) driving without due caution or circumspection;

and (5) failing to yield the right of way. These charges were denied by the answers, and defendant counter-charged that plaintiff was guilty of negligence contributing to the accident, as follows: (1) failing to keep a proper lookout; (2) turning his automobile "from a direct line to his left hand side of the highway without first seeing that the movement could be made in safety"; (3) failing to keep his automobile under proper control; (4) attempting to make a left-hand turn in front of defendant's automobile, and failing to give any signal or warning of his intention to do so; and (5) failing to yield the right of way.

Trial by jury resulted in verdict and judgment for plaintiff in the sum of $5,000. Defendant appeals.

The only assignment of error is that the court erred in reading to the jury and instructing upon subsection (a) of section 115-337, O. C. L. A., and in failing to read to the jury and to instruct upon subsection (c) of the same section.

These subsections read as follows:

"(a) Vehicles approaching an intersection. Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enter and reach the intersection or not; provided, that the foregoing provision shall not apply at any intersection where and when traffic is controlled by traffic control signals or police officers. Any driver entering an intersection at an unlawful speed shall forfeit any right of way which he would otherwise have under this subdivision."

"(c) Vehicle turning left at an intersection. The driver of a vehicle within an intersection intending to turn to the left shall yield to any vehicle approaching from the opposite direction which is

within the intersection or so close thereto as to constitute an immediate hazard, but said driver having so yielded and having given a signal when and as required by law may make such left turn, and other vehicles approaching the intersection from said opposite direction shall yield to the driver making the left turn.''

Section 115-337, (a) and (c), O. C. L. A.

■■ It would seem that subsection (a), supra, was not intended to apply to a case where two vehicles upon the same street are approaching an intersection from opposite directions. But, as defendant took no exception to the reading of this subsection to the jury, he cannot assign such reading as error on appeal.

In some jurisdictions the court is required to instruct the jury fully upon the law of a case, regardless of whether or not any party has requested instructions. See 64 C. J., Trial, section 678 and note 35. We have no such requirement in this state.

■ Our statute reads as follows:

"In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact.''

Section 5-308, O. C. L. A.

In construing this statute, this court has held that each party is entitled to have his theory of the cause submitted to the jury if any evidence has been received tending to support such theory. This is a court of review, however. Failure of a trial court to instruct the jury upon the law applicable to a party's theory of the case may be assigned as error on appeal only if predi-

cated upon the court's refusal to give a requested instruction which clearly, concisely, and accurately stated the law in question. *Cerrano v. Portland Ry. L. & P. Co.,* 62 Or. 421, 427, 126 P. 37; *Sorenson v. Kribs,* 82 Or. 130, 144, 161 P. 405; *Diller v. Riverview Dairy,* 133 Or. 442, 445, 448, 288 P. 401; *Hill v. Wood,* 142 Or. 143, 149, 19 P. 2d 89; *Hotelling v. Walther,* 174 Or. 381, 388, 148 P. 2d 933; *Mason v. Allen,* 183 Or. 638, 195 P. 2d 717, 721.

■ The sole point of exception herein which was argued on this appeal was as follows:

"If the Court please, the defendant excepts for the reason that the Court in directing the jury's attention to the matter of right-of-way did not read to the jury subsection C of Section 115-337, in which is set forth that the driver of a car attempting to make a left-hand turn must yield to cars coming from the opposite direction."

No request whatever so to instruct was made on the trial. It appears, therefore, that the appeal presents no reviewable error for our consideration.

■ Counsel have not contended that the taking of a proper exception to the failure of the court to instruct upon the law as applied to their client's theory of the case would be the equivalent of a proper exception to the refusal of the court to give a requested instruction. We deem it appropriate to state that no rule to that effect has ever obtained in Oregon. *Harper v. Interstate Brewery Co.,* 168 Or. 26, 50, 120 P. 2d 757.

The judgment appealed from is affirmed.