Argued March 31, reversed and remanded November 10, 1954,
petition for rehearing denied February 2, 1955

# J & J LUMBER COMPANY *v.* OREGON FIR
# LUMBER COMPANY ET AL.
### 276 P. 2d 394

*Grant Mumpower,* of Oregon City, argued the cause for appellants. With him on the briefs were Chas. T. Sievers and Butler, Jack & Beckett, of Oregon City.

*Carlton R. Reiter* argued the cause for respondent. On the brief were Stern, Reiter & Day, of Portland.

Before WARNER, Acting Chief Justice, and LUSK, BRAND and TOOZE, Justices.

WARNER, A.C.J.

This is an appeal from a judgment for general and punitive damages arising out of an alleged conversion by the defendants of lumber belonging to the plaintiff.

The plaintiff J & J Lumber Company and the defendant Oregon Fir Lumber Company are Oregon corporations. At the time of the alleged conversion plaintiff was engaged in operating a sawmill near defendant's planing mill in Clackamas county, Oregon. They are hereinafter respectively referred to as the "J & J Co." and the "Oregon Co." The defendant William Wallace Smith was president of the Oregon Co. and at the time of the taking of plaintiff's lumber he was its manager actively in charge of its operation.

Prior to the acts complained of, the two corporations had entered into a written agreement wherein

the Oregon Co. agreed to transport on its trucks and as a common carrier all lumber delivered to its yard by plaintiff for continued transportation from that point to plaintiff's customer consignees. The J & J Co. alleges that acting pursuant to that agreement, it placed on the Oregon Co.'s docks approximately eight stacks of cut lumber with marks identifying it as plaintiff's lumber and further identifying it as having been consigned to the Kingsley Lumber Company of Linnton, Oregon, and that the Oregon Co. took possession of the same for the express purpose of carrying the lumber to the consignee named. Plaintiff accused the defendants of willfully and wrongfully converting the same to their own use and that in so doing their conduct was intentional, malicious and in wanton disregard of plaintiff's property rights.

The defendants deny generally the allegations of plaintiff's complaint and, in exoneration of a wrongful taking, rely upon an alleged contract between the party corporations giving defendants the right to take any and all lumber piled on the Oregon Co.'s docks by plaintiff and to pay for the same at market prices, to be applied on any indebtedness then owing by plaintiff to defendant or another corporation which was plaintiff's lessor. This is the oral contract to which we hereinafter refer. Predicated upon this alleged contract, defendants demanded judgment for $1,552.61 as the balance due after applying the market price of plaintiff's lumber to the accounts alleged to be due and owing from the J & J Co. to the Oregon Co. Plaintiff's reply denied the making of such an agreement.

From a judgment for the full value of plaintiff's lumber and a substantial additional amount as punitive damages, the defendants prosecute this appeal.

One of the defendants' five assignments of error

was predicated upon the court's refusal to give a requested instruction on the subject of good faith as a bar to any allowance of punitive damages. As revealed by the issues presented by the pleadings and testimony, a material and vital part of defendants' theory was that their appropriation of plaintiff's lumber was not wrongful but was made by them pursuant to the terms of the pleaded agreement between the parties, testified to by witnesses for the defendants as an oral contract, and even though their taking was wrongful, that it was done in good faith and in reliance upon this alleged oral agreement.

■ To be entitled to punitive damages plaintiff must show malice or guilty intent on the part of defendants or other circumstances of aggravation; but if on the issue of good faith the plaintiff fails to prove malice to the satisfaction of the jury, the punitive damages are not recoverable, even though defendants' acts have resulted in injury to the plaintiff. *Perry v. Thomas et al.,* 197 Or 374, 391, 253 P2d 299; *Green v. Leckington,* 192 Or 601, 609, 236 P2d 335; *Martin v. Cambas,* 134 Or 257, 261, 293 P 601; 15 Am Jur 725, Damages, § 283; 25 CJS 727, Damages, § 123(e) (citing *Martin v. Cambas,* supra).

■ The defendants were therefore entitled to have the jury instructed on this theory of their case. *Severy v. Myrmo,* 186 Or 611, 614, 207 P2d 151; *Richanbach v. Ruby,* 135 Or 117, 120, 293 P 430, 294 P 1098; *State v. Smith,* 43 Or 109, 114, 71 P 973; *Anderson v. North Pacific Lumber Co.,* 21 Or 281, 288, 28 P 5.

Defendants therefore properly requested the court to instruct the jury as follows:

"I instruct you that if it appears from the evidence that even though the defendants did wrongfully take and use the plaintiff's lumber, *if you*

*find from the evidence that they acted in good faith, then you cannot allow the plaintiff exemplary or punitive damages."* (Italics ours.)

The court, in lieu thereof, gave the following modified instruction:

"* * * If it appears that, even though defendants did wrongfully take and use plaintiff's lumber, *if you find from the evidence that they acted in good faith in the belief,* even though a mistaken belief, that they had the right to do so under an alleged oral contract, *you may consider such a state of mind in connection with whether you will allow the plaintiff exemplary or punitive damages* * * *"* (Italics ours.)

■ The instruction requested correctly states the law. The one substituted by the court is confusing in that it can be said to leave the jury some latitude and discretion in deciding whether or not to allow plaintiff exemplary damages in addition to general damages if they find good faith on the part of the defendants. Moreover, the instruction given can also be read as authority to the jury to weigh the fact of good faith as an appropriate element justifying mitigation in the amount of the punitive damages allowed, if in their discretion they conclude to make such an allowance. The court's instruction does not clearly or positively state, as did the requested instruction, that if the jury found from the evidence that the defendants acted in good faith, even though they acted wrongfully, the jury was thereby estopped to consider any allowance for punitive damages.

The matter of punitive damages is one of singular importance to the defendants here in view of the prayer of plaintiff's complaint for such damages in an amount more than twenty times greater than sought for general damages.

■ We are of the opinion that the court's failure to give the instruction requested was prejudicial to the defendants' cause and that the case should be remanded for a new trial. This conclusion renders consideration of the other assignments of error unnecessary.

Reversed and remanded.