Argued October 3, affirmed November 20, petition for
rehearing denied December 17, 1963

# FLANDE *v.* BRAZEL

386 P. 2d 920

*C. S. Emmons,* Albany, argued the cause for appellant. On the brief were Willis, Kyle & Emmons, Albany.

*Harrison M. Weatherford,* Albany, argued the cause for respondent. On the brief were Weatherford, Thompson & Horton, Albany.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

This is an automobile accident case. The car which the defendant was driving sideswiped the plaintiff who was standing on the pavement next to his parked pickup. The lights of the plaintiff's 1937 pickup were either very dim or completely out. The accident occurred at night in the country. The jury returned a plaintiff's verdict and judgment was entered thereon. The defendant has appealed.

The road where the accident occurred runs generally north and south. Both parties were headed north. Plaintiff testified his lights started to go dim and he stopped his car and got out. He stated he stopped about 35 feet north of a slight curve and about 300 yards north of a dip in the pavement. Defendant fixes the location of the accident at about the same place. Plaintiff said the front of his car was off the pavement and the rear was about one and one-half feet on the pavement. Plantiff testified at the time he got out of his car, his front lights were very dim; he did not know the condition of his tail light. He said that he looked to the rear and did not see the lights of any cars and that a short time later he was hit. He did see a car approaching from the opposite direction.

The defendant testified he was going 50 miles per hour. He stated he rounded a curve and his lights picked up plaintiff standing on the road next to the car. It was then too late to stop; so he swung to the left, collided with the on-coming car, and apparently hit the plaintiff with the side of his car. The defendant saw no lights on plaintiff's car, either before the accident or after it.

The defendant called Carl Patterson as a witness. Patterson testified he drove north on this same road at approximately the same time as the parties did. He testified he saw an old model pickup with very dim front lights parked on the highway, but he was unable to say on what portion of the pavement that the pickup was parked. He testified he saw the pickup at one of two places, both of which he marked on the photo map, but he said it was at the bottom of a dip. He did not see any tail light. Patterson testified:

"Well, there was another vehicle coming from

Brewster going toward Lebanon and he either come down over that rise or was around the corner and it silhouetted the other vehicle [the pickup] in front of me in his lights."

The court granted plaintiff's motion to strike all of Patterson's testimony. One of the grounds for the motion and the one principally argued at oral argument was insufficient identification of the pickup by Patterson.

■ Assuming that Patterson sufficiently identified the pickup so as to render his testimony admissible, we hold that the striking of his testimony was not prejudicial. Defendant contended that Patterson's testimony was important because he located the parked pickup at the bottom of the dip which would account for the defendant not having seen it any sooner. However, both the defendant and plaintiff located plaintiff's pickup 300 yards beyond the dip, and defendant stated he did not see it sooner because it was around a curve. One of the two locations where Patterson marked the location of the pickup was about 300 yards from the dip and at the place where the parties agree the accident occurred. Defendant urges that Patterson corroborated defendant's testimony by his statement that he saw the pickup when it was silhouetted by the on-coming car. But defendant did not testify that he also saw the pickup silhouetted by the lights of the on-coming car.

Defendant further contends his testimony is corroborated by Patterson's statement that he did not observe any tail light on the pickup. Plaintiff did not testify his tail light was burning just prior to the accident. Plaintiff and Patterson agree that plaintiff's head lights were very dim, and the only inference is

that plaintiff's tail light was so dim as to be of no aid to defendant in seeing plaintiff's pickup.

■ Plaintiff testified no cars going north passed him while he was parked. Patterson's statement that he passed plaintiff going north contradicts this testimony, and defendant argued that this made the testimony admissible for impeachment purposes. Whether or not other cars passed plaintiff before the accident is a collateral matter. As a general rule one cannot impeach on a collateral matter. *Coles v. Harsch,* 129 Or 11, 18, 276 P 248, 9 Am St Rep 447 (1929). Inasmuch as one of the principal reasons for this rule is to expedite the trial of cases, the matter should be one for the trial court's discretion. See 3 Wigmore, Evidence (3d ed) 653, 657, §§ 1000-1006, particularly § 1003.

■ Defendant assigns as error the failure of the court to grant his motion for a directed verdict on the grounds that he was not negligent and that the plaintiff was guilty of contributory negligence as a matter of law. The charges of negligence were speed and improper lookout. The statement of facts heretofore made is sufficient to show these were questions for the jury. *Martin v. Oregon Stages, Inc.,* 129 Or 435, 277 P 291 (1929); *Morris v. Fitzwater,* 187 Or 191, 210 P2d 104 (1949).

■ The principal charge of contributory negligence was a violation of ORS 483.320, prohibiting parking on the highway if it is practicable to park off the highway. The statute does not apply if the vehicle is disabled, and it is impossible to move it off the highway. In another case in which the vehicle's lights went off, we held that a car was disabled if it could not be safely moved. *Morris v. Fitzwater,* supra (187 Or

at 196). (We will assume that, if the statute were violated, it could be found to be a cause in fact of the accident.) The evidence was that between the place where plaintiff noticed his lights growing dim and the place he stopped there were several places where plaintiff could have parked completely off the road.

The plaintiff described his actions as follows:

> "Well, just before I got to the curve my lights dimmed and they just kept getting dimmer and I smelled this burning, I don't know what it was. It smelled like hot wire or something, so I pulled off to the extreme right, I'd say twenty-five, thirty feet ahead of that curve."

■ Based on the markings on the photo map, the plaintiff traveled about 100 yards from the time his lights first started to dim until he stopped. He testified that after he stopped he could see 20 or 25 feet ahead of his car. The jury could find the plaintiff did not violate the statute by driving 100 yards and passing by places where he could have parked completely off the pavement and in not continuing down the road or backing up groping in the dim light for such a parking place. See *Shelton v. Lowell*, 196 Or 430, 249 P2d 958 (1952), in which this court held the question of whether or not the defendant should have moved his stalled truck off the highway was one for the jury.

■ Defendant also charged plaintiff with being contributorily negligent in failing to keep a proper lookout. Plaintiff testified he got out, looked ahead, and saw a vehicle some distance away. Then he looked back and saw no lights or vehicles. It is surprising that the plaintiff did not see defendant's lights; however, because of the curve and lower elevation of the road south of plaintiff's location, we cannot say the

plaintiff was negligent as a matter of law in failing to see the lights. It is also surprising that plaintiff did not see the defendant's lights just before the accident. However, defendant testified his lights did not shine on plaintiff until defendant was so close he could not stop. The question of whether plaintiff maintained a lookout is one of fact. See *Holman v. Uglow,* 137 Or 358, 3 P2d 120 (1931).

*Borgert v. Spurling,* 191 Or 344, 230 P2d 183 (1951), held that one standing in back of car parked on the highway was contributorily negligent as a matter of law. There, however, the plaintiff was out in the road with his back turned in one direction and the back of the car facing north blocking his vision in the other direction. He testified he made no attempt to keep any lookout. As the court pointed out there was a highly dangerous situation because there was a second vehicle, parked on the wrong side of the road heading the opposite direction, south, with its lights on. The defendant traveling north assumed, as was normal, that the headlights were those of a car on its own side of the road and it diverted attention from the car behind which plaintiff was standing. For the reasons stated, that decision is not applicable to this case.

The last assignment of error is directed to the trial court's instruction on lookout. The court's instruction was limited to the lookout required of a driver and of the defendant. The defendant excepted because of, "Your Honor's failure to apply the lookout rule to both parties because we have charged plaintiff with failure to keep a lookout." The instruction given was in part Instruction No. 70.04 of the Oregon Jury Instructions for Civil Cases and in toto, according to defendant's exception, plainitff's Requested Instruc-

tion 2. Defendant, on oral argument, could not recall whether he had requested an instruction pertaining to the lookout required of the plaintiff. The requested instructions are not part of the record; so we cannot determine if defendant requested such an instruction.

*Severy v. Myrmo,* 186 Or 611, 207 P2d 151 (1949), concerned the same legal situation. In that case the parties were approaching an intersection from opposite directions. Plaintiff attempted to turn left at the intersection and a collision occurred. The court read to the jury that section of the right-of-way statute applying to vehicles approaching an intersection from right angles. It did not read the statute designating which vehicle had the right of way when one vehicle was turning left at the intersection. Both parties had charged the other with negligence in failing to yield the right of way.

After observing that the portion of the right-of-way statute which the trial court read had no application to the facts, the court said:

> "In some jurisdictions the court is required to instruct the jury fully upon the law of a case, regardless of whether or not any party has requested instructions [Citation]. We have no such requirement in this state.
> "\* \* \* \* \*
> "Failure of a trial court to instruct the jury upon the law applicable to a party's theory of the case may be assigned as error on appeal only if predicated upon the court's refusal to give a requested instruction which clearly, concisely, and accurately stated the law in question. \* \* \*"
> (186 Or at 614-615)

The defendant in *Severy v. Myrmo,* supra (186 Or 611), took an exception to the court's failure to give

the appropriate right-of-way instruction. The court held this ineffective, stating:

"Counsel have not contended that the taking of a proper exception to the failure of the court to instruct upon the law as applied to their client's theory of the case would be the equivalent of a proper exception to the refusal of the court to give a requested instruction. We deem it appropriate to state that no rule to that effect has ever obtained in Oregon. *Harper v. Interstate Brewery Co.,* 168 Or. 26, 50, 120 P. 2d 757." (186 Or at 615)

For the reasons stated in *Severy v. Myrmo,* supra, the last assignment of error is found to be without merit.

Judgment affirmed.