Argued November 15, 1918, affirmed January 28, 1919.

# BRITISH EMPIRE INS. CO. *v.* HASENMAYER.*

(178 Pac. 180.)

**New Trial—Verdict—Nonconformity to Pleadings.**

1. In action to recover $330 remaining unpaid on stock subscription, wherein defendant pleads fraud and demands judgment for $265 as damages sustained, a verdict for plaintiff for $1 was properly set aside by the trial court, being an impossible verdict under the pleadings.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.

Action by the British Empire Insurance Company, a corporation, against Ernest Hasenmayer. Judgment for plaintiff for $1 set aside on plaintiff's motion and new trial granted. Defendant appeals. AFFIRMED.

For appellant there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. G. G. Schmitt.*

For respondent there was a brief submitted over the names of *Messrs. Carey & Kerr* and *Mr. C. A. Hart.*

HARRIS, J.—The plaintiff is a corporation organized and existing under the laws of the Province of British Columbia, Dominion of Canada. It is alleged in the complaint that on July 11, 1912, the plaintiff sold to the defendant ten shares of its capital stock for which the defendant agreed to pay $100 per share "upon calls to be made from time to time by plaintiff according to the laws, by-laws and regulations governing the same." It is further averred that on June 20, 1913, the defendant purchased an additional share of stock and agreed to pay $100 for it upon calls to be

---

*Authorities discussing the question of inadequacy of damages as grounds for setting aside a verdict are collated in notes 47 L. R. A. 33; 39 L. R. A. (N. S.) 487.    REPORTER.

made from time to time. The complaint states that a call was issued for a payment of $10 per share to be made on or before April 16, 1914, with interest at 10% per annum from and after that date; that a second call for the payment of $10 per share was issued requiring payments to be made on or before February 15, 1915, with interest at the rate of 10% per annum from and after February 15, 1915; that a call was issued for a third payment of $10 per share to be made on or before May 1, 1915, and if not so paid then the amount called for was to bear interest at the rate of 10% per annum from May 1, 1915. The defendant refused to make any of the payments called for. The plaintiff prayed for a judgment for $330 with stipulated interest.

The answer avers that the ten shares were sold to the defendant upon the payment by him of $250 and "with the definite understanding and agreement that the balance of said stock was to be paid by plaintiff corporation from accumulated dividends thereon, defendant agreeing to allow said dividends to be applied on the payment of the balance of said stock so purchased."

It is further alleged in the answer that an additional share of stock was sold to the defendant and that he paid $15 for it. The defendant says in his pleading that he was induced to purchase the eleven shares of stock in reliance upon fraudulent representations made by the plaintiff; that the stock "is worthless and of no value"; and he therefore demands judgment for $265, the amount paid by him on the stock. The affirmative defenses were denied by an appropriate reply.

1. In brief, the plaintiff claims that the defendant owes $330 with interest on eleven shares of stock which he purchased and agreed to pay for; the defendant contends that the contract is vitiated by fraud and that therefore he is not indebted to the plaintiff but that on

the contrary the plaintiff is indebted to him in the sum of $265. The verdict of the jury necessarily implies a finding that the price agreed to be paid for the stock was not completely paid. The answer is framed upon the theory that the defendant is entitled to repudiate the whole contract. The verdict of the jury cannot be squared with the rules of law applicable to the pleadings. Nor can the verdict be sustained even though the answer is treated as a ratification of the contract and as a demand for mere damages. It is impossible to sustain a verdict for $1 for the plaintiff, whether the answer is treated as a repudiation of the contract and a demand for moneys previously paid or whether the pleading is viewed as a ratification of a contract, tainted with fraud, and a demand for mere damages. It is impossible to view this controversy from any angle whatsoever and in the light of the pleadings and evidence make an award of $1 to the plaintiff and at the same time be loyal to the law which controls and governs the rights of the parties. In view of the pleadings and the judgment asked for by the plaintiff and the relief demanded by the defendant there was not and could not be any evidence to support the finding of the jury. The verdict was an impossible verdict. There was no evidence to support a verdict for awarding $1 to the plaintiff. The judgment appealed from is affirmed.　　　　　　　　　　Affirmed.

McBride, C. J., and Bean and Johns, JJ., concur.