Argued March 13, affirmed August 13, 1952

## HITCHMAN *v.* BUSH ET AL.
### 247 P. 2d 211

*Ralph W. Skopil* argued the cause for appellant.
On the brief were Skopil & Skopil, of Salem.

*Ralph E. Moody* argued the cause for respondents. With him on the brief were Moody & Lamkin and Douglas L. Hay, all of Salem.

Before ROSSMAN, Acting Chief Justice, and LUSK, LATOURETTE and WARNER, Justices.

## LATOURETTE, J.

This is an appeal by plaintiff from an order setting aside a verdict in his favor and granting a new trial.

Plaintiff alleges that he sold logs to defendants and delivered them to Lockyear Lumber Co., with whom defendants had pending business, all at the instance and request of defendants' agent, L. D. Waters. Defendants filed a general denial to the complaint. The jury awarded plaintiff a verdict in the full amount claimed, i.e., $2,337.84.

The motion to set aside the verdict was based on six propositions, none of which, other than one, had any merit. Defendants requested of the court the giving of the following instruction, which request was denied and an exception allowed:

"The court further instructs you that in regard to the proof of agency, agency can not be proved by the declarations of the reputed agent and the declarations of an alleged agent are not competent testimony."

The evidence discloses that all of plaintiff's dealings with reference to the logs were had with Waters, the alleged agent. Plaintiff testified in answer to the following question:

"Q .You are saying that he was acting as a direct agent simply because of something Mr. Waters said to you?
"A Yes. He said he was acting as their agent, yes."

Waters denied that he was acting for defendants in the transaction and that the logs were sold to the Lockyear Lumber Co. instead of to the defendants.

One of the material and vital issues between the parties was whether or not Waters was the agent of the defendants. Since plaintiff had no dealings with defendants concerning the sale of the logs other than through the alleged agent, Waters, the above declaration could well have contributed largely to the verdict of the jury.

■ It is well settled that agency cannot be proved by the declarations of the reputed agent. *Bartnik v. Mutual Life Ins. Co.*, 154 Or 446, 60 P2d 943.

■ The trial court should have given the requested instruction, and its failure to do so was error.

■ Wide latitude is given to the trial judge in the granting of new trials, and when any tenable ground appears in the record in support of the court's action, its decision will be upheld on appeal. *Bartholomew v. Oregonian Pub. Co.*, 188 Or 407, 216 P2d 257.

The trial court's action in granting a new trial was proper. Affirmed.