Argued January 11, reversed and remanded February 7, 1962

## STANICH *v.* BUCKLEY ET AL
### 368 P. 2d 618

*Lamar Tooze, Jr.,* Portland, argued the cause for appellants. On the brief were James Arthur Powers, Earle P. Skow and Martin J. Howard, Portland.

*Robert L. Myers,* Portland, argued the cause for respondent. With him on the brief were Shuler, Sayre, Winfree & Rankin, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and LUSK, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries claimed to have been suffered by plaintiff when he was struck by defendant Buckley's automobile as it was being backed out of its position in plaintiff's parking lot by defendant Carrol. The jury returned a verdict in favor of the defendants. Plaintiff moved for a new trial on the ground that the trial court erred in failing to give a requested instruction. The motion was granted and defendants appealed.

The requested instruction was as follows:

"I instruct you that a pedestrian has the right to assume that the driver of an automobile will exercise reasonable care to avoid injuring him in the absence of notice to the contrary, and is entitled to act on that assumption."

Defendants contend that the requested instruction was properly refused because it is an incomplete and, therefore, erroneous statement of the reciprocal duties of defendants and plaintiff. Before examining the contention we shall recite the facts.

Plaintiff was the owner and operator of a tavern which was located at 49th and N. E. Fremont in Portland. He maintained a parking area adjacent to the

tavern for the convenience of his customers. On the evening of February 1, 1961, at approximately 10:00 p. m., defendant Buckley parked his Rambler automobile in the parking lot and entered the tavern where, during the course of the evening, he drank several beers. About 11:00 p. m. defendant Carrol entered the tavern after having parked his automobile across the street. Carrol drank some beer, the quantity not being established by any of the testimony. During the evening Carrol and plaintiff decided that they would go to the Pagoda, a bar, for a drink after plaintiff closed his tavern. Before the tavern closed defendants went outside with a friend and drank whiskey from a bottle. After the tavern closed at about 1:00 a. m., defendants went out to the parking area where they had several more drinks with another acquaintance. Plaintiff closed his tavern and joined defendants in the parking area. Defendants testified that plaintiff also drank some whiskey when he joined them. Plaintiff denied that he had anything to drink at this time. Plaintiff and Carrol decided that because Buckley had drunk too much it would be advisable for Carrol to drive Buckley home before going to the Pagoda. Plaintiff helped Buckley into the latter's automobile on the right-hand side. Carrol got into the driver's seat. Carrol testified that when plaintiff closed the automobile door after helping Buckley, Carrol turned on the lights and started the motor and at that time plaintiff said "Okay let's get going" or "Go ahead. Let's go." According to plaintiff's version of the occurrence he had started to walk back toward his own car before defendant Carrol turned on the lights and started the motor. Plaintiff denies that he made any statement to Carrol at that time. Carrol opened the door on his side, put his head out and proceeded to

back up slowly. Plaintiff claimed that the back bumper of the Buckley automobile struck the back of his right knee. The evidence is conflicting as to whether plaintiff was struck within the parking area or while on the adjoining sidewalk. Plaintiff and Carrol later met at the Pagoda and after spending about a half hour there they returned to their respective homes.

The only issue requiring our consideration is whether the trial court should have allowed a new trial for its failure to give the requested instruction recited above.

■■ We are reminded by plaintiff that wide latitude is given a trial court in granting a motion for a new trial and that its action will not be ground for reversal on appeal unless there is an abuse of discretion, citing *Hitchman v. Bush et al.,* 195 Or 640, 247 P2d 211 (1952); *Hays v. Herman,* 213 Or 140, 322 P2d 119, 69 ALR2d 947 (1958); *Hillman v. Northern Wasco County PUD,* 213 Or 264, 323 P2d 664 (1958). However, it is our duty to reverse the trial court if the order granting the new trial is based upon an erroneous conception of the law.[1]

Defendants contend that the motion for a new trial should have been denied because the giving of the requested instruction would have constituted reversible error upon several grounds. The principal ground urged is that the instruction did not accurately state plaintiff's duty to exercise care for his own protection. It is pointed out that a pedestrian has no right to assume that a driver of an automobile will exercise reasonable care to avoid injuring him, if in the exercise of reasonable care the pedestrian has or should have had reason to believe that the assumption could

[1] Lynn v. Stinnette, 147 Or 105, 31 P2d 764 (1934); Cicrich v. State Industrial Accident Comm'n., 143 Or 627, 23 P2d 534 (1933).

not safely be made under the circumstances. In other words, defendants contend that the instruction requested in the present case has the same vice as the instruction given in *Schassen v. Motor Coach System,* 126 Or 363, 372-73, 270 P 530 (1928), which was as follows:

> " 'You are instructed that a person traveling upon a highway has the right to assume that all other persons also using that highway would obey the law and he is not bound to keep a lookout for others who may violate the law.' "

Although the court held that "[t]his instruction correctly states the law in this state," (126 Or at 373) the case was impliedly overruled on this point in *Johnson v. Updegrave,* 186 Or 196, 206 P2d 91 (1949), and expressly overruled in *Walker v. Penner,* 190 Or 542, 227 P2d 316 (1951). In the latter case this court made it clear that an instruction that a person need not anticipate negligence on the part of another is not accurate unless it is qualified in order to inform the jury of the duty of such person to exercise care for his own safety. The court said:

> "It is a rule of law that no person need anticipate negligence on the part of any other person, and a motor vehicle operator may at all times assume *until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary,* that other persons using the highway will exercise due care and obey the law, and to act accordingly; but in no event does this right of assumption relieve him of his continuing duty to maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances." *Walker v. Penner,* supra, at p. 556.

In the Walker case the questioned instruction included the statement that a person relying upon the

assumption that others would obey the law *"was not bound to keep a lookout for others who may violate the law."* (190 Or at p. 554). The requested instruction in the case at bar did not contain a similar statement concerning the plaintiff's duty to keep a lookout but defendants argue that the requested instruction would convey the same meaning to the jury.

Instructions which recite without qualification that plaintiff or defendant, as the case may be, has a right to assume that another will exercise reasonable care or will obey the law, have been condemned in other jurisdictions. The rationale of these cases is clearly stated in *White v. Davis,* 103 Cal App 531, 284 P 1086, 1092 (1930). There the following instruction given was attacked:

> "The court also instructed the jury:
>
> " 'I instruct you that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise, it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person.' "

It will be noted that the instruction contained the general qualification "in the absence of reasonable ground to think otherwise." Nevertheless, the instruction was held to be erroneous. The court reasoned as follows:

> "* * * The effect of this instruction was to tell the jury that in this case the plaintiff had a right to rely upon the rule stated, irrespective of whether or not he himself was negligent, and that he had a right to assume that he was not exposed to danger, even though he might know he was in a perilous position. The negligence of the defendant and the contributory negligence of the plaintiff

were questions which should have been left to the jury, and this instruction should not have been given, without qualification. * * * The vice of the instruction is that it practically assumes, what respondent assumes in this argument, that the plaintiff had a right to be where he was without taking additional precaution. Whether or not he had this right, and also the right to assume that the driver of the truck would see him, were questions for the jury, and may not be assumed as true." 284 P at 1092.

Subsequent California cases adopt the same view.[2]

■ In some cases the failure to add to an instruction the qualification that one must be exercising reasonable care before he has a right to assume that another will obey the law has been regarded as cured by the giving of other instructions qualifying plaintiff's right to make this assumption.[3] However, the present case does not involve an instruction given; rather, the question is whether a requested instruction should have been given. No error is committed when a trial court refuses to give an incomplete instruction, even though other instructions given may supply the omitted part of the requested instruction.[4]

---

[2] "The doctrine that one may assume that others will obey the law and exercise due care is a dangerous one. Any one who places too great reliance upon it is likely not to be long for this world. When a jury is instructed upon the law of reliance, nothing could be more important than a clear statement of the proviso that in order to rely upon the assumption one must himself be free from negligence and that he must use ordinary care to learn whether those upon whose conduct he relies are complying with their duties." Bragg v. Mobilhome Co., 145 Cal App2d 326, 334, 302 P2d 424, 430 (1956). See also, Bogner v. Eubanks, 137 Cal App2d 181, 289 P2d 875 (1955); Fuentes v. Panella, 120 Cal App2d 175, 260 P2d 853 (1953).

[3] E.g., Bogner v. Eubanks, 137 Cal App2d 181, 289 P2d 875 (1955); cf. Sherrard v. Werline, 162 Or 135, 91 P2d 344 (1939).

[4] Wiebe v. Seely, Administrator, 215 Or 331, 335 P2d 379 (1959).

In granting the plaintiff's motion for a new trial, the trial court apparently relied upon *Bracht v. Palace Laundry Co.,* 156 Or 151, 157, 65 P2d 1039 (1937). In that case the requested instruction was as follows:

"'In determining whether or not the plaintiff was guilty of contributory negligence, you are instructed that plaintiff, in the absence of notice to the contrary, had a right to assume that the driver of defendant's truck, and others, in the operation of motor vehicles, would obey the requirements of the law, and would operate their motor vehicles in a reasonable and prudent manner, and would yield the right of way to any pedestrian within the regular cross walk.'"

The court held that the requested instruction should have been given. The requested instruction did not contain the qualification we have referred to above. The defendant in that case did not question the correctness of the instruction; he merely asserted that the principle stated in the instruction was so well known by laymen that there was no need to give it. The court did not, therefore, consider the question presented to us and it is quite possible that if it had the instruction would have been regarded as incomplete for the reason stated in *White v. Davis,* supra.

In *Walker v. Penner,* supra, the question of the sufficiency of a similar instruction was specifically raised. The court emphasized, by the use of italics the qualification upon a person's right to assume that another will act reasonably, stating that such person may make such assumption *"until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary."* Since the matter was so emphasized it is reasonable to assume that the court regarded it as an essential part of an instruction of the type we are considering.

It will be noted that in *Senkirik v. Royce et al.*, 192 Or 583, 235 P2d 886 (1951) the requested instruction contained a qualification in much the same form as it is stated in *Walker v. Penner,* supra.[9]

We are of the opinion that the requested instruction in the case at bar was an incomplete statement of the reciprocal rights and duties of the plaintiff and defendants and that, therefore, the trial court properly refused to give it. It is possible that the usual instruction on contributory negligence (which was given in this case) would have been carried over by the jury and read into the instruction requested by plaintiff if it had been given. But if the requested instruction is ambiguous and potentially misleading then, as we have already stated, plaintiff is not entitled to have it submitted to the jury, even though it would be cured by the giving of other instructions.

The only question is, then, whether standing alone the requested instruction would tend to mislead the jury. We believe that it would have this tendency. There is no doubt that plaintiff may be contributorily negligent either because he sees and has actual knowledge of the danger created by defendants' negligent conduct or *because of his failure to see what a reasonably prudent person would have seen.*[10]

---

[9] The requested instruction was as follows:

" 'You are instructed that a driver of a motor vehicle upon the highways of this state, including the streets of the City of Portland, may assume that other users of the highways will obey the law until such time as he has had notice to the contrary or, in the exercise of reasonable care, should have had notice to the contrary.' " Senkirik v. Royce et al., 192 Or 583, 594, 235 P2d 886 (1951).

[10] Spence, Adm'x., v. Rasmussen et al., 190 Or 662, 226 P2d 819 (1951); Morser v. Southern Pacific Co., et al., 110 Or 9, 222 P 736 (1924); Slusher v. Great Southern R. R. Co., 107 Or 587, 213 P 420 (1923); Huetter v. Andrews, 91 Cal App2d 142, 204 P2d 655 (1949).

The requested instruction could be read to mean that plaintiff has no duty to keep a lookout for his own safety "in the absence of notice to the contrary," that is to say, unless the danger were brought to his attention by some means other than the vigilance required of him as a reasonable man under the circumstances. The phrase "in the absence of notice to the contrary," could and probably would be taken by the jury to mean "in the absence of knowledge to the contrary," leaving the implication, at least, that plaintiff would not be negligent even though he would have seen the danger had he been reasonably vigilant under the circumstances.

In the present case plaintiff knew that Carrol had been drinking. That being so, it is doubtful whether plaintiff had the right to assume that Carrol would exercise the care of a reasonable man to avoid injuring him. But even if he had the right to make the assumption, the instruction is misleading and was, therefore, properly rejected by the trial court when requested. We do not pass upon the question of whether such an instruction when given may be cured by other instructions defining plaintiff's duty to exercise care for his own protection.

The judgment of the lower court is reversed with directions to enter judgment on the verdict for defendants.