Argued April 7, affirmed April 26, 1967

HOAGLAND, *Appellant, v.* SOLIE, *Respondent.*

427 P. 2d 109

*Richard J. Smith,* Klamath Falls, argued the cause and filed a brief for appellant.

*Hal F. Coe,* Klamath Falls, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and O'CONNELL and REDDING, Justices.

McALLISTER, J.

Plaintiff brought this action to recover for injuries sustained when she was struck by defendant's car on

a grocery store parking lot. The jury found for defendant, and plaintiff appeals.

The plaintiff contends that the trial court erred in its instructions to the jury, in failing to strike one of the charges of contributory negligence, and in failing to grant plaintiff's motion for a new trial.

At midmorning on March 12, 1965, plaintiff, an elderly woman, patronized the Mayfair Market on Oregon Avenue in Klamath Falls. She left the store carrying a small package and a tiny Chihuahua dog. When plaintiff emerged from the front entrance she turned to her left, walked a short distance on the sidewalk, and then turned again to her left to cross the parking lot, enroute home. As plaintiff turned into the parking lot she passed behind two cars parked to her left, both facing the side wall of the store. The first car was parallel to and near the sidewalk, and defendant's car was in the second parking stall from the sidewalk. Defendant admits that as he was backing out of his parking stall the rear of his car struck plaintiff. He testified that although he looked carefully he did not see plaintiff until after she was struck. Plaintiff testified that as she entered the parking lot she saw the parked cars to her left, but did not see anyone in defendant's car and did not see the car move until she was struck.

There was testimony from which the jury could have found that while plaintiff was still on the sidewalk her dog jumped out of her arms and ran onto the parking lot, and that while plaintiff was running after the dog she was struck by defendant's car.

■ Plaintiff first contends that the court erred in refusing to strike from the answer the allegation that plaintiff was negligent "in leaving a place of safety

and moving into the path of defendant's vehicle." In view of the testimony tending to prove that plaintiff left the sidewalk and ran into the parking lot in pursuit of her dog, this assignment of error is devoid of merit. *Hamilton v. Finch,* 166 Or 156, 109 P2d 852, 111 P2d 81 (1941).

█ ██ Plaintiff next contends that the court instructed the jury as to the duty of plaintiff to keep a lookout, but did not make it clear to the jury that a like duty rested on defendant to keep a lookout for plaintiff. The court apparently intended its instruction on lookout to apply to both parties, but the jury might have inferred that the instruction applied only to the plaintiff. Plaintiff upon a proper request was entitled to an instruction concerning the duty of defendant to maintain a proper lookout. However, the plaintiff did not submit such a requested instruction, and, therefore, is precluded from assigning the alleged error on appeal. The applicable rule is stated in *Severy v. Myrmo,* 186 Or 611, 614, 207 P2d 151 (1949), as follows:

"* * * Failure of a trial court to instruct the jury upon the law applicable to a party's theory of the case may be assigned as error on appeal only if predicated upon the court's refusal to give a requested instruction which clearly, concisely, and accurately stated the law in question. [Citing cases]"

See also, *Cook v. Michael,* 214 Or 513, 521, 330 P2d 1026 (1958), and *Flande v. Brazel,* 236 Or 156, 162, 386 P2d 920 (1963). However, the instructions when taken as a whole adequately advised the jury concerning defendant's duty to use due care in backing his car out of the parking stall. The issue submitted to the jury was simple, and plaintiff was not prejudiced by the instructions.

■ Plaintiff also assigns as error the failure of the court to give one of her requested instructions concerning the duty of the defendant to have his car under control. The court at plaintiff's request gave Instruction No. 70.03 of Oregon Jury Instructions for Civil Cases, which defined defendant's common law duty to maintain his automobile under reasonable control. In view of the evidence in this case the court did not err in declining to define the same duty again in slightly more detail. There is no merit in this assignment.

■ Plaintiff also contends that the court erred in denying her motion for a new trial based on newly discovered evidence. The granting of a new trial is committed to the sound discretion of the trial court and its ruling will be disturbed upon appeal only for an abuse of discretion. *Larson v. Heintz Const. Co.,* 219 Or 25, 72, 345 P2d 835 (1959). It is sufficient to say that the newly discovered evidence was cumulative, in that it would have merely corroborated plaintiff's testimony that her dog did not jump out of her arms until she was struck by defendant's car. The trial court could also have found that plaintiff did not use due diligence in discovering the corroborative witness. In any event, the trial court did not abuse its discretion in denying the motion.

The judgment is affirmed.