Argued November 24, affirmed December 22, 1975, reconsideration
denied January 28, petition for review denied February 18, 1976

HOY, *Appellant, v.* JACKSON ET AL
(No. 80070), (CA 4545), *Respondents.*
543 P2d 1086

*Charles D. Burt,* Salem, argued the cause for appellant. With him on the briefs were Brown, Burt & Swanson and M. Chapin Milbank, Salem.

*Don A. Dickey,* Salem, argued the cause for respondents. With him on the brief were Rhoten, Rhoten & Speerstra and David A. Rhoten, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Plaintiff brought this action to recover damages for injuries sustained as the result of an automobile accident allegedly caused by defendants'[1] negligence in (1) failing to close to public travel the intersection at which the accident occured when they

> "* * * knew, or in the exercise of reasonable care should have known * * *
>
> "* * * [that it had been] made dangerous by the accumulation of snow in such quantities as to completely obscure the highway signs and highway surface road markings * * *";

(2) causing snow removal equipment to clear roadways in such a manner as to obscure highway signs and surface road markings; and (3) failing to remove

---

[1] Defendants include members of the Oregon State Highway Commission, the Oregon State Highway Engineers, and various deputy and assistant engineers charged with the maintenance of highways within Division 1, District 2C of the Oregon State Highway Division.

natural snowfall and snow deposited by removal equipment which had obscured from view highway signs and road markings at the scene of the accident. In addition to a general denial, defendants alleged affirmatively that the negligence of plaintiff's father—the driver of the vehicle in which plaintiff was riding at the time of the accident—had been a contributing cause of plaintiff's injuries. The jury returned a verdict for defendants, and plaintiff appeals.

■ Three of plaintiff's assignments here are based upon alleged errors relating to the pleading and proof by defendants of the affirmative defense of contributory negligence.[2] Because the jury specifically found, through a special verdict, that plaintiff had failed to prove by a preponderance of evidence that defendants had been negligent as alleged, we need not address the questions raised by those assignments.

The verdict form submitted to the jury included the following "questions" and instructions:

"(1) We find that the following defendant(s) were negligent in at least one respect as alleged in the Second Amended Complaint, and that such negligence was a cause of the injuries of plaintiff.

"[Each defendant was then listed individually, followed by two blanks labeled 'Yes' and 'No.']

"(If the answer to all of the above is No, proceed to sign and date the verdict form below. If

---

[2] "The court erred in allowing Defendants, on the third day of trial, to file an Amended Answer raising the defense of contributory negligence of the father and Guardian of the Plaintiff."

"The court erred in instructing the jury that the alleged negligence of John Hoy, the driver of the vehicle in which Plaintiff was riding, and the father and Guardian of Plaintiff, was a defense to the Plaintiff's claim for negligence."

"The court erred in failing to strike from the pleadings the allegations of contributory negligence contained in the Third Amended Answer."

the answer to any of the above is Yes, continue and answer the following questions.)

"(2) .We find that John R. Hoy, plaintiff's father and guardian was negligent in at least one of the respects alleged in the Third Amended Answer and that such negligence was a cause of the injuries of plaintiff.

"Yes —— No ——

"(3) We find the plaintiff's general damages to be in the sum of $——— and plaintiff's special damages to be in the sum of $———."

The court explicitly instructed the jury that:

"In order to recover * * * it's necessary that the plaintiff prove by a preponderance of the evidence that the defendants or one of the defendants was negligent in at least one of the respects charged in the Complaint and that this negligence was a cause of damage to the plaintiff.

"Likewise, in order for the defendants to prevail on their claim of contributory negligence of John Hoy, the driver, defendants must prove by a preponderance of the evidence that Mr. Hoy was negligent in at least one of the respects charged in the defendants' Answer and that this negligence was a cause of damage to the plaintiff.

"* * * * *

"* * * The verdict form that you'll have requires you to determine as the first consideration the existence of negligence or lack of negligence on the part of each of the named defendants individually * * *.

"* * * * *

"* * * [I]f you find that none of the defendants were negligent in any of the particulars alleged in the Complaint and that there was no negligence of any of the defendants that caused the injuries to plaintiff * * * that's all you have to

do. You sign the verdict form and indicate to the bailiff you're ready to return.

"* * * [I]f * * * you have found that any of the defendants are negligent in one of the particulars alleged and it was the cause of the injury to plaintiff, you then continue and answer the second and third questions in the verdict form."

The verdict form, signed by the jury foreman, has a check mark in the "No" column for a finding of no negligence as to each of the 11 named defendants, and both the "Yes" and "No" blanks for plaintiff's father, John R. Hoy, were left blank. This demonstrates that, as instructed, once the jury determined that none of the defendants had been negligent as charged no attempt was made to resolve the question of whether plaintiff's father had been negligent. Under these circumstances any of the alleged errors relating to defendants' affirmative defense, even if established, would be harmless as having been of no consequence to the actual verdict entered by the jury.[9]

Plaintiff also contends that the court below erred in failing to grant his motion for a new trial. As framed by plaintiff's motion the question presented for the circuit court's consideration was whether a new trial was required because of the "misconduct" of a party defendant and/or the discovery of "new evidence" which could not with reasonable diligence have been produced at trial. ORS 17.610(2) and (4). By assigning as error the failure to grant a new trial where "a false statement of a material fact was made by one of the Defendants called as a witness, either intentionally or with reckless and careless disregard for its truth or falsity," plaintiff has apparently abandoned the theory that the evidence obtained sub-

---

[9] As illustrated by this appeal, cases of this kind are perhaps particularly well suited to the use of special verdicts. Compare Eggiman v. Young, 260 Or 261, 490 P2d 172 (1971).

sequent to trial meets the statutory definition of "newly discovered evidence." The thrust of plaintiff's argument to this court is, therefore, that the misconduct of a party defendant—which amounted to the "wilful suppression of crucial evidence"—was sufficient in and of itself to require the granting of a new trial.

In an attempt to establish that defendants' "policy" of clearing road signs as a final step in snow removal procedures was inconsistent with a "reasonable standard of conduct," plaintiff had attempted to introduce into evidence the U.S. Department of Transportation's *Manual on Uniform Traffic Control Devices for Streets and Highways*. That evidence had been ruled inadmissible, however, when Mr. A. E. Johnson, a deputy highway engineer and one of the defendants, indicated to the court that the manual had not been adopted by the state of Oregon at the time of the accident. Following his statements to the court on this matter Mr. Johnson had been asked by plaintiff's counsel whether any "preceding book" dealing with the maintenance of signs had been in effect at the time of the accident. Mr. Johnson's response was that to his knowledge no such "book" specifically dealing with the maintaining or care of signs had existed, although he did acknowledge that the Oregon State Highway Division had previously issued a manual dealing with "size, lettering, and that sort of thing." Plaintiff made neither any attempt to acquire a copy of the manual referred to by Mr. Johnson, nor any attempt to question any of the other defendants about their understanding of its contents prior to the conclusion of the trial.

Following the entry of the jury's verdict, plaintiff did obtain a copy of Oregon State Highway Department, *Manual on Uniform Traffic Control Devices for Streets and Highways*, Technical Bulletin No. 24,

adopted in 1957, which included the following provision:

> " 'Grounds surrounding signs should be maintained to permit full visibility of signs at all times. Care should be taken to see that weeds, shrubbery, snow, and construction materials are not allowed to obscure the face of any sign.' "

In an affidavit submitted in response to the motion for a new trial Mr. Johnson swore that he had

> "* * * made no false statements during the trial. The State of Oregon had not adopted the Federal standards which plaintiff's attorney questioned me about. Also my understanding at the time was that the State policy book to which the plaintiff directed his question did not concern itself with snow removal procedures."

■ The decision to grant or deny a motion for a new trial is one "committed to the sound discretion" of the trial court whose ruling will be disturbed on appeal only where that discretion has been "manifestly abused."[4] The wisdom of that rule is most apparent where, as here, the motion is based upon a charge of "misconduct" which brings into issue the credibility of a party as a witness. Having observed the offending conduct in the context of the on-going trial, the circuit court occupies perhaps the best position from which to judge whether there has, in fact, been any "misconduct" which prejudiced the outcome of the case.

■ Our review of the record here leads us to conclude that there was no abuse of discretion in the denial of the motion for a new trial.

Affirmed.

---

[4] Hoagland v. Solie, 247 Or 38, 42, 427 P2d 109 (1967); Armstrong v. Stegen, 251 Or 340, 445 P2d 509 (1968); Schmitz v. Yant, 242 Or 308, 409 P2d 346 (1965); Stanich v. Buckley, 230 Or 126, 368 P2d 618 (1962).