Argued January 7, reversed and remanded January 27, 1977

HIGHTOWER, *Appellant,*

*v.*

PAULSON TRUCK LINES, INC. et al, *Respondents.*

(No. 75-51-L, SC 24476)

559 P2d 872

Robert L. Cowling, Medford, argued the cause for appellant. With him on the briefs was Ford & Cowling, Medford.

H. F. Smith, Klamath Falls, argued the cause and filed a brief for respondents.

Before Holman, Presiding Justice, and Howell, Lent, and Mengler, Justices.

LENT, J.

**LENT, J.**

This is an action at law resulting from a collision between two trucks. Plaintiff sought damages for injury to his truck, loss of income, and certain travel expenses. Plaintiff alleged that defendants' negligence caused the collision. Defendants denied fault and affirmatively alleged that plaintiff was negligent, among other things, in following the vehicle of defendants too closely and that plaintiff's negligence caused the collision and his resulting injury and damages.

The jury returned a verdict of "special findings" that defendants were at fault, and that plaintiff was not negligent in any respect which was a cause of the collision, and awarded damages in the amounts alleged in the complaint. Judgment was entered in accordance with the verdict.

Upon defendants' motion the judgment was set aside and a new trial ordered. Plaintiff appeals from the order granting a new trial.

On August 27, 1974, plaintiff and his son, who was driving, were northbound on Highway 99 in Klamath County in plaintiff's vehicle, which was a semi truck and trailer having a gross weight of approximately 73,000 pounds. They were following a truck owned by the defendant corporation and driven by defendant Powell.

For six or seven miles prior to the collision, plaintiff's truck had been following defendants' truck at varying distances of 120 to 180 feet at a speed of from 50 to 55 miles per hour. Defendants' truck's stop lights did not operate to give proper warning that defendants' truck was to be slowed. The collision occurred when defendant Powell suddenly slowed the truck and plaintiff's driver was unable to stop or turn to avoid the collision. The speed of plaintiff's vehicle was reduced to approximately 25 or 30 miles per hour at the moment of impact. At the moment when plaintiff's

driver realized that defendants' truck was slowing, the vehicles were about 150 to 180 feet apart.

Defendants' motion for a new trial was:

". . . on the grounds that the verdict rendered by the jury in said action is not supported by sufficient evidence and is against the law as is more fully set forth in defendants' memorandum filed herewith."[1]

The thrust of the memorandum was that plaintiff was admittedly in violation of then ORS 483.312.[2] That statute provided in substance that the driver of any motor truck when traveling upon a highway outside a business or residence district should not follow another motor truck within 300 feet. In the memorandum, defendants contended that plaintiff was guilty of a violation of that statute as a matter of law and that as a matter of law the violation was a cause of the collision and plaintiff's resulting damages. Defendants reasoned, therefore, that the evidence was insufficient to support that portion of the jury verdict which found the plaintiff to be without fault, that consequently the verdict "is against the law," and that the jury did not follow the court's instructions with respect to that statute.

Neither by motion nor by requested instruction did the defendants ask the trial court to instruct the jury that plaintiff was negligent as a matter of law in this respect or that negligence in violation of the statute was a cause of the collision as a matter of law. Indeed, defendants submitted a requested instruction which, after advising the jury of the substance of the statute, specifically left it to the jury to determine whether

---

[1] "ORS 17.610. A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"(6) Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law.

"* * * * *"

[2] This section was repealed by Oregon Laws 1975, ch 451 § 291. *Compare,* Oregon Laws 1975, ch 451, § 33(2), codified as ORS 487.225(2).

plaintiff had violated the statute and, if so, whether such violation was a cause of plaintiff's damages. The trial judge did not instruct in the language of the defendants' requested instruction, but did advise the jury of the substance of the statute and that violation of the statute would constitute negligence in and of itself. The court in substance also instructed that for either driver to be at fault the jury must find such driver to be negligent in some respect charged and that such negligence was a cause of the collision.

Defendants took no exceptions to the court's instructions.

■ In the absence of an error at law, a verdict cannot be set aside unless the court can affirmatively find that there is no evidence to support the verdict. Oregon Constitution, Amended Article VII, Section 3.[3]

■ Defendants remind us that the party seeking to reverse the trial court's order setting aside a judgment and granting a new trial must show that none of the grounds specified in the motion for a new trial are valid. Such an order, moreover, must be given every intendment. *See Hillman v. Northern Wasco County People's Utility District,* 213 Or 264, 323 P2d 664 (1958), and *Hays v. Herman,* 213 Or 140, 322 P2d 119 (1958). It is sometimes said that the order of the trial court granting a new trial will be set aside only for an abuse of discretion. *Landolt v. The Flame, Inc.,* 261 Or 243, 262, 492 P2d 785 (1972); *Armstrong v. Stegen,* 251 Or 340, 342, 445 P2d 509 (1968); *Hoagland v. Solie,* 247 Or 38, 42, 427 P2d 109 (1967); and *Stanich v. Buckley,* 230 Or 126, 129, 368 P2d 618 (1962). It is our duty, however, to reverse if the order is based on an erroneous conception of the law.

Defendants have informed us that the import of their motion "* * * is that the jury's verdict was

---

[3]In actions at law, * * * no fact tried by a jury shall be otherwise re-examined, in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict. * * *" Oregon Constitution, Amended Article VII, Section 3.

against the law in that the jury failed and refused to follow the court's instructions in regard to the application of ORS 483.312." This contention is valid only if we can say that there is no evidence to support the jury's finding that plaintiff was without fault. In order to make its finding that plaintiff was not negligent in any particular charged which was a cause of the collision, the jury must necessarily have found either that the plaintiff was not negligent or that plaintiff was negligent but that such negligence was not a cause of his damages.

■ Keeping in mind the evidence that plaintiff's 73,000-pound vehicle was traveling at a speed of from 50 to 55 miles per hour when defendant Powell suddenly slowed his truck without proper warning, we believe the minds of reasonable men could differ at least as to whether violation of ORS 483.312 was a cause of the collision and plaintiff's resulting damages. There was sufficient evidence, therefore, to submit the matter to the jury and to justify its finding. The finding was not "against the law."

It follows that the order must be reversed, and this cause is remanded to reinstate the judgment for plaintiff.