Argued and submitted November 16, 1988, affirmed February 8, 1989

# BEDNARZ,
## *Respondent,*

*v.*

# BAY AREA MOTORS, INC.,
## *Appellant.*

(87-CV-0822; CA A47941)

768 P2d 422

Roger Gould, Coos Bay, argued the cause for appellant. With him on the brief was Joelson, Gould, Wilgers, and Dorsey, P.C., Coos Bay.

Roger Hennagan, Lake Oswego, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this employment discrimination case, defendant employer appeals from a judgment that it had discharged plaintiff because he is handicapped. ORS 659.425(1). The trial court denied defendant's post-trial motion to dismiss and its motion for a new trial. We affirm.

Defendant hired plaintiff on May 15, 1987, and terminated his employment on May 19, 1987, after he had suffered two seizures at work. On September 21, 1987, plaintiff filed a complaint seeking reinstatement, back wages and attorney fees under ORS 659.121(1). Shortly before trial, he amended his complaint to seek to recover future wages, emotional distress and punitive damages, pursuant to ORS 659.121(2), in addition to the back wages and attorney fees originally sought. The amended complaint did not seek reinstatement.

*Former* ORS 659.121 provided, in part:

"(1)   Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS * * * 659.425 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. * * * In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal.

"(2)   Any person claiming to be aggrieved by alleged violations of ORS 659.033(1) or (2), or 659.425(4) or 659.430 may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages not to exceed $2,500."

ORS 659.425(4) prohibited discrimination based on a handicap only in public accommodations. In 1987, the legislature amended subsection (2) of ORS 659.121 to allow persons discharged because of a handicap[1] to recover compensatory damages, including future wages and emotional distress. Or

---

[1] ORS 659.121(2) now provides, in relevant part:

"Any person claiming to be aggrieved by alleged violations of ORS 659.033(1) or (2) or 659.400 to 659.435 may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages not to exceed $2,500. At the request of any party the trial of such case shall be by jury."

Laws 1987, ch 822, § 1. That amendment became effective on September 27, 1987, about four months after plaintiff's cause of action accrued.

Defendant did not object to the amendment of the complaint but, as the trial court noted in its order, agreed that plaintiff could amend his complaint to seek recovery of damages under amended ORS 659.121(2). The case was tried to a jury on the amended complaint. Defendant did not object to plaintiff's evidence of future wages and emotional distress. The jury returned a general verdict, awarding plaintiff $45,600 in compensatory damages.

Defendant first objected to the sufficiency of the amended complaint in a post-trial motion to dismiss for failure to state a claim and in a motion for a new trial. The court denied both motions and stated, in part:

> "Plaintiff's complaint clearly states a claim for relief for it asks for past wages (back pay) and reasonable attorney fees, both of which were available to plaintiff under the law existing at the time of the acts about which he complained."

Defendant argues that the trial court erred in holding that the amended complaint states a claim for relief. It contends that plaintiff abandoned his original complaint for damages under ORS 659.121(1) by amending it, that ORS 659.121(2) cannot be the basis of plaintiff's claim because it was not effective until September 27, 1987, and that the amended statute can not be applied retroactively.

■ A complaint is insufficient only if it fails to state any claim for relief. *Nicholson v. Jones,* 194 Or 406, 410, 242 P2d 582 (1952). Here, the amended complaint states a claim for relief under ORS 659.121(1), which authorizes recovery of past wages and attorney fees. The fact that it also seeks damages for future wages and emotional distress, damages not recoverable under subsection (1), which was the only statute in effect at the time of plaintiff's discharge, does not render the complaint insufficient. 194 Or at 414. The complaint would have been subject to a motion to strike part of the damage claim, but no such motion or objection was made. The motion to dismiss was properly denied.

The remaining inquiry is whether the trial court erred in denying defendant's motion for a new trial because

the jury awarded plaintiff damages that exceeded those authorized under ORS 659.121(1). Defendant's motion, which was based on ORCP 64B(5), asserted that the verdict and the awarded damages were "against law." It specifically contended that plaintiff's past wages were $24,400 and that the jury's award of $45,600 gave plaintiff compensation to which, as a matter of law, he was not entitled. The trial court denied the motion, because defendant had failed to move for a directed verdict, which it held was required for an ORCP 64B(5) motion under *Arena v. Gingrich,* 305 Or 1, 7-8 n 1, 748 P2d 547 (1988). It also treated defendant's motion as an ORCP 64B(6) motion and denied it, because defendant failed to object to the purported errors at trial.

ORCP 64B provides, in part, that a new trial may be granted on these grounds, among others:

"(5) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

The Supreme Court has held that a motion for a directed verdict is a prerequisite to an appeal challenging the sufficiency of the evidence. *See Arena v. Gingrich, supra,* 305 Or at 7-8 n 1. The court has also held that the denial of a motion for a new trial, asserted on the ground that the evidence is insufficient, cannot be assigned as error on appeal. *Erwin v. Thomas,* 267 Or 311, 314, 516 P2d 1279 (1973). We need not decide whether those two principles also apply to a motion for a new trial on the ground that the verdict is "against law," because we conclude that defendant has mischaracterized the error that took place in this case.

■■ Although several Oregon decisions have referred to the phrase "against law" in the context of a motion for a new trial, we have been unable to find in them a comprehensive definition like that formulated by the California courts:

"The * * * ground [that a verdict is 'against law'] is of very limited application. A decision can be said to be 'against law' only: (1) where there is a failure to find on a material issue; (2) where the findings are irreconcilable; and (3) where the evidence is insufficient in law and without conflict in any material point. *Renfer v. Skaggs,* 96 Cal App 2d 380, 215 P2d 487[.]

> \* \* \* When a general verdict only is returned it can be said to
> be 'against law' only when it is unsupported by any substantial
> evidence, *i.e.,* when the entire evidence is such as would justify
> a directed verdict against the party in whose favor the verdict
> is returned." *Kralyevich v. Magrini,* 172 Cal App 2d 784, 789,
> 342 P2d 903 (1959). (Citations omitted.)

A verdict that is "against law" raises an evidentiary challenge
and not merely an issue regarding the applicability of a stat-
ute, as defendant argues here. That construction is consistent
with Oregon cases that have used that phrase. In *Hightower v.
Paulson Truck Lines,* 277 Or 65, 70, 559 P2d 872 (1977), the
court held that the verdict would only be "against law" if it
could say that there was "no evidence to support the jury's
finding that plaintiff was without fault." *See also British
Empire Ins. Co. v. Hasenmayer,* 90 Or 608, 610, 178 P 180
(1919); *McNamee v. First Nat. Bk. of Roseburg,* 88 Or 636, 640,
172 P 801 (1918). Judge Lusk, dissenting in *Fischer v. Howard,*
201 Or 426, 474, 271 P2d 1059 (1954), *overruled on other
grounds Stein v. Handy,* 212 Or 225, 234, 319 P2d 935 (1957),
stated that the plaintiff's statement that the verdict was
"inconsistent \* \* \* and [was] contrary to the uncontradicted
evidence and instructions of the Court" was sufficient to sup-
port a conclusion that the verdict was "against law." Defen-
dant's argument here does not in any way raise an evidentiary
issue, and we cannot say that the verdict was not supported by
any substantial evidence. Therefore, the verdict was not
"against law."

This case was tried on an erroneous theory of
damages. The error, however, did not occur when the jury
returned a verdict and an award of damages for plaintiff. It
occurred when plaintiff introduced objectionable evidence of
damages based on an objectionable complaint. That was an
"error in law occurring at trial," to which ORCP 64B(6)
requires that a party must have objected or excepted at trial.
*Maulding v. Clackamas County,* 278 Or 359, 365, 563 P2d 731
(1977). Defendant failed either to move to strike those alle-
gations in the complaint relating to the excessive damages or
to object at trial to plaintiff's evidence of those damages. The
trial court properly denied defendant's motion for a new trial.[2]

---

[2] Defendant's other assignments of error are without merit.

Affirmed.